IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-11112
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT WILLIAM JOHNS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 4:97-CR-58-1
_____

July 17, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Robert William Johns appeals his sentence from his guilty plea conviction for possession with the intent to distribute amphetamine.

Johns argues that the district court erred in its drug quantity determination because the government did not prove that certain drugs identified as methamphetamine were in fact methamphetamine. Johns limited his objection at sentencing to the reliability of the information provided by the confidential

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

informants ("CIs").  Thus, review is limited to plain error. Because Johns admitted to conspiring to possess with the intent to distribute methamphetamine as well as amphetamine and because the party objecting to information in the presentence report ("PSR") has the burden to demonstrate the unreliability or inaccuracy of that information, we detect no plain error.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Johns argues that the district court erred in its drug quantity determination because the information supplied by the CIs as described in the PSR lacked corroboration to be reliable information for use at sentencing.  The investigation by law enforcement officers, as described in the PSR, corroborated details of Johns's trafficking activities.  Johns failed to present any evidence to rebut, or to demonstrate inaccuracy in, the PSR.  The district court did not err in relying on the PSR and, thus, the determination of the amount of drugs for which Johns was held accountable is not clearly erroneous.  See United States v. Kelley, 140 F.3d 596, 609-10 (5th Cir. 1998); United States v. Rogers, 1 F.3d 341, 343-44 (5th Cir. 1993).

A F F I R M E D.